UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
SEP 16 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| Ronda L. Davis,<br>305 Round Table Drive<br>Fort Washington, MD 20744-5654<br>and<br>Zacchaeus T. Ajakaiyiye<br>9505 Carol Street<br>Upper Marlboro, MD 20774<br>and<br>Sephanie R. Alston<br>5307 Chillim Place, NE<br>Washington, D. C. 20011-2620<br>and<br>Kimberly Brown<br>8830 Hardesty Drive<br>Clinton, Maryland 20735<br>and<br>Stephany M. Kagha<br>3646 Childress Terrrace<br>Buronsvill, MD 20866<br>and<br>Donna Yvetta Lee<br>1847 L St., NE<br>Washington, D.C. 20002-3023<br>and<br>Celciel W. Moore<br>12519 Gladys Retreat Circle<br>Bowie, MD 20720<br>and<br>Darius Morris<br>1010 Karin Blvd.<br>Capitol Heights, MD 20743<br>and<br>Janice Smith Washington<br>13307 Harrogate Way<br>Upper Marlboro, MD 20772<br>and others Similarly Situated,<br><br>v.<br><br>The District of Columbia, and<br>its Child and Family Services Agency<br>Mayor Adrian F. Fenty | **COMPLAINT**<br><br>Case: 1:10-cv-01564<br>Assigned To : Kennedy, Henry H.<br>Assign. Date : 9/16/2010<br>Description: Employ. Discrim.<br><br>**CLASS ACTION**<br><br><br><br>**JURY DEMAND** |

1

| | |
|---|---|
| John A. Wilson Building, Suite 600 | ) |
| 1350 Pennsylvania , N.W. | ) |
| Washington, DC 20001-2004. | ) |
| | ) |
| Defendants | ) |
| | ) |

1. This suit is brought by the Plaintiffs for themselves and for other African American and older former Social Services Assistants and Program Monitors and Associate Social Workers whose employment was terminated by the Defendant in a "Reduction in Force" in May and June 2010. The conduct of the Defendants in terminating these employees rather than allowing them to continue to perform the duties they had done well for years violates the Human Rights Act of the District of Columbia, as amended, and 42 U. S. C. 1981, as amended, and other provisions of law.

2. This Court has jurisdiction over this case under 28 U. S. C. 1331, 1343, and 1367.

3. Venue is proper in this Court. 28 U. S.C. 1391.

## THE PARTIES

4. Defendant Child and Family Services Agency is an agency of the Government of the District of Columbia. It provides social services to children who reside in the District of Columbia and to their families. It employs more than 400 full time persons in its offices in the District of Columbia.

5. Plaintiff Ronda L. Davis is a black (African American) woman who was employed by the Defendant as a Social Services Assistant (SSA) until June 11, 2010, when the Defendant discharged her from its service as a part of its 2010 downsizing program. She was first employed by the Defendant Agency on Aug. 22, 1996. She was born on June 8, 1970.

6. Plaintiff Zacchaeus T. Ajakaiyiye is a black man employed by the Defendant as an SSA until June 11, 2010 when the Defendant discharged him from its employment as a part of its 2010 downsizing program. He was born on July 1, 1947. He had been employed by the Defendant Agency for close to five years in that position. Although he was selected for training as a Family Support Worker and rehired as a probationary employee, the Defendant Agency discharged him again on July 12, 2010.

7. Stephanie Renee Alston is a black woman who was employed by the Defendant Agency for approximately 22 years. She was born on Oct. 3, 1965. She was an SSA for many of those years, when the Defendant Agency discharged her from its employment effective June 11, 2010. Her performance ratings reflected her excellent performance.

8. Plaintiff Kimberly Brown is a black woman who was employed by the Defendant Agency for more than 17 years as an SSA, before the Defendant Agency discharged her from its employment as part of its 2010 downsizing program. She was born on April 22, 1960. Her performance was rated as excellent and above average. Her managers had strongly recommended her for comparable positions by other public employers.

9. Plaintiff Sephenie M. Kagha is a black woman man who was employed by the Defendant Agency for more than 20 years until June 11, when the Defendant Agency discharged her from his employment as a part of its 2010 downsizing program effective on June 11, 2010.

10. Donna Yvetta Lee is a black woman who was employed by the Defendant Agency as an SSA until June 11, 2010. She was born on March 8, 1955. She had been employed by the Defendant Agency since December 1996.

11. Celciel Moore is a black woman who had been employed as a program monitor, Grade 12. She had previously been employed by the Defendant Agency as an SSA, Grade 8, and she performed those duties well, as reflected by her promotions. She was born on April 12, 1951. The Defendant Agency terminated her from that position effective June 11, 2010 as a part of its downsizing program.

12. Darius Morris is a black man who was employed by the Defendant as an SSA until June 11, 2010. He was born on March 12, 1965. He had more than 15 years experience as an SSA when the Defendant Agency discharged him from its employment. Despite his education and experience, the Defendant Agency failed to award him an FSW position.

13. Plaintiff Janice Smith Washington is a black woman who was employed by the Defendant as an SSA until June 11, 2010. She was born on January 25, 1962. She was first employed by the Defendant on Jan. 4, 1989, and was hired by it permanently on Oct. 2, 1992.

14. Each of the named Plaintiffs performed well and received commensurate ratings from the Defendant.

15. The full performance level for the SSA position was DG-8. The Agency imposed no college education requirement for that position.

16. Each of the other Social Services Assistants employed by the Defendant Agency in May, 2010 is an African American ("black") and a resident and citizen of the United States.

17. In the United States, the proportion of adult black residents who have attained a Bachelor's Degree is significantly lower than the proportion of adult white residents. The same is true for residents of the greater Washington DC area.

## DEFENDANTS' 2010 DOWNSIZING PROGRAM AND ITS RACIAL IMPACT

18. By letter of May 6, 2010 sent to about 91 of its employees the Defendant Agency advised SSW employees and its Program Monitors and Associate Social Workers that it was conducting a "reduction in force" that was to be effective on June 11, 2010. That letter was sent to about 65 SSA employees, and 19 program managers, and to about 6 Associate Social Workers and to one GS 12 manager.

19. That letter to each recipient stated:

" ... This letter serves as official notice that you will be separated from District government service effective 6/11/10....This action...in no way reflects adversely on your performance of your official duties.....Effective today, you will be placed on administrative leave...You are to immediately return all building keys, office keys, security badges...."

20. In that letter the Defendant Agency also transferred the duties of the SSA employee positions to positions identified as Family Support Workers. The Defendant Agency assigned those positions a DC government Grade 9 level of annual income.

21. For the FSW position, the Defendant Agency established an "Education Requirement: A Bachelor's Degree in Social Work or in a related social service field, i.e. psychology, sociology."

22. On May 6, Defendant Agency posted notice of vacancies in that new position.

23. The Defendant Agency sent the May 6, letter, described above in paras.18, 19, and 20 to about 65 SSA employees and to 19 monitors and about 7 employees in other positions.

24. Of the Defendant Agency's 91 letters dated May 6, 2010, it sent 89 of them to African American (black) employees, and only two (2) to white employees.

25. Each of the black employees employed as an SSA had successfully performed the

duties of that position for from 5 years up to more than 22 years and had performed them well. For that reason, each of the SSA employees could have performed satisfactorily the same duties as a Family Services Worker.

26. Each of the other employees whose employment the Defendant Agency terminated effective June 11, 2010, had performed the duties of his or her position well.

27. The Defendant in its "Reduction in Force" terminated the employment of more than 55 African American employees who had held SSA positions in May of 2010.

28. Many of the SSA employees had a high school diploma plus some additional education. Those employees successfully performed the duties of that position as did those with associate degrees and those with bachelor's degrees.

29. In its 2010 downsizing program the Defendant Agency limited the number of former employees it would "re-hire" as FSW employees to 17, but gave no reason for doing so. It reserved eighteen (18) positions of the 35 new FES positions to individuals outside of the CFSA; that is, who were not employed by the Defendant Agency.

30. The Defendant Agency stated to "All Staff" on June 7, 2010, that all of the first 17 former or current employees were selected for FSW positions by "Supervisors from several areas of CFSA..[who]. interviewed and selected[them]… from a large number of candidates"  The Agency stated that it planned to "hire" 18 additional persons from "outside CFSA" but offered no reason for limiting hiring to only persons who were not employed by the Defendant.

31. Although AFSCME District Council 20, the collective bargaining agent for the Social Services Assistants, sought information from the Defendant as to the reasons for the terminations of the SSAs, the Defendant set forth no budgetary or business reason for the 2010

program.

32. The Defendant Agency's budget for fiscal year 2010 was sufficient to permit the Defendant Agency to continue the employment of the all or almost all who were Social Services Assistants at the time, and those who were program monitors and associate service workers.

**FIRST CLAIM FOR RELIEF**

33. The Defendant's termination decisions in its 2010 reduction in force had a discriminatory impact against black employees as compared to its white employees.

34. Prior to the adoption and implementation of the 2010 downsizing, some of the high ranking officials of Defendant asserted that some Federal Government agencies who granted funds had regulations or guidelines that required or preferred that state and local agency employees in paraprofessional positions have college or graduate degrees in social work or related fields.

35. The regulations and practices of Federal agencies that provide Federal funds to state and local children and family service agencies do not require or encourage such agencies to require a bachelor's degree for paraprofessional positions.

36. By June 7, 2010, the District of Columbia Council restored funding for some of Defendant's units, and eliminated or lessened any need to reduce its budget for the fiscal year.

37. There was no financial need in June of 2010 for Defendant to reduce the size of its workforce or terminate the employment of its Social Services Assistants.

38. The Defendant's decision embodied in its so-called reduction in force to terminate the employment of the black SSA employees, program monitors and associate social workers was not job related and was not consistent with business necessity.

39. The Defendants knew the facts set forth in paragraphs 33 and 37, but nevertheless purposefully terminated its employment of about 91 employees, 89 of whom were African American.

40. In so doing, the Defendants acted in violation of the prohibitions of 42 U. S. C. 1981 and the Human Rights Act, which prohibit purposeful discrimination based upon race.

41. Even if the Defendants did not purposefully select job categories that were filled entirely or predominantly by African American employees for discharge, their conduct in the 2010 downsizing program had an adverse impact against its African American (black) employees without any job related reason and without business necessity, and therefore violated the provisions of the Human Rights Act.

42.  Defendant Agency's termination of the employment of Plaintiffs and other black and older employees  harmed those discharged not only by loss of prospective income, but also by loss of healthcare coverage and benefits and reduced pension benefits for such time as they would have remained employed by the Defendant Agency.

43. More than 20 former SSA employees and program managers have filed charges of racially discriminatory practices by the Defendants in the 2010 downsizing program with the United States Equal Employment Commission ("EEOC").

44. Such notice to the EEOC of claims of unlawful conduct by employees of former employees is also notice to the Human Rights Commission of the District of Columbia, under settled Federal law.

### SECOND CLAIM FOR RELIEF

45. In its so-called "reduction in force" in May and June, Defendant Agency discharged

90 employees, the great majority of whom were over the age of 40.

46. Most of not all of the 35 persons Defendant hired or rehired in June and July and early August, 2010 as FSW employees were under the age of 35.

47. In May, June and July and early August, Defendant Agency hired more than twenty other employees as Social Workers and trainers. Based upon information and belief, all or almost all of the new employees were under the age of 35.

48. In its conduct in terminating the employment of 91 before June 11, 2010, and in rehiring some significantly younger FSW employees and hiring other younger employees, the Defendants' conduct violated the prohibitions of the Human Rights Act against practices which discriminate in whole or in part based upon age.

### THIRD CLAIM FOR RELIEF

49. The lawful regulations of the United States Equal Employment Opportunity Commission require that state and local governments, including the District of Columbia, who have fifteen or more employees, keep and "retain" and "file State and Local Government Information Report EEO-4 on or before September 30, 1993, and biennially thereafter" to EEOC pursuant to its directions set forth in and that form. 29 C.F.R.1602.32.

50. Upon information and belief, the Defendants did not prepare and file or "make, file, and retain" such reports in 2003, 2005, 2007 and 2009.

### CLASS ACTION ALLEGATIONS

51. The members of the class of former employees of the Defendant who were employed as Social Services Assistants and Contract Monitors and Associate Social Workers who were discharged from employment by Defendant in its 2010 reduction in force, under Rule 23,

Fed. R. Civ. P. are:

(1) so numerous that joinder of the parties in one suit would be impractical;

(2) the questions of fact and law as to liability to be decided are common to members of a putative class of employees discharged by the Agency on June 11, 2010, including the nine Plaintiffs;

(3) the claims of the nine Plaintiffs are typical of the claims of the other members of the class; and

(4) Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs request the following:

1) an order under Rule 23 of the Federal Rules of Civil Procedure certifying this case as a class action;

2) a decision that the Defendants violated the equal employment opportunity rights of its black and older employees of the Plaintiffs and the class they represent, and a declaratory judgment so stating, and an Injunction ordering the Defendants to make the Plaintiffs and the other employees in the class whole by reinstatement or other injunctive relief, by payment of lost income and lost retirement benefits, and provisions prohibiting similar conduct in the future;

3) a finding by the Jury or the Court declaring that the Defendant Agency purposefully violated the rights of plaintiffs and the members of the class on grounds of race and age, and a finding of damages in an amount to be determined by the jury for the Plaintiffs and the other black employees harmed by the "reduction in force" terminations by the Defendant Agency of

employment effective in May, June and July of 2010.

4) a finding by the Jury or the Court that Plaintiffs and the other members of the class suffered pain and suffering and other emotional distress as a result of their having been discharged by the Defendant Agency.

5) An Order directing the Defendant Agency to prepare and submit to the U.S. Equal Employment Opportunity Commission the number of its employees by race, gender and national origin by job category and promotions, discharges and other events by EEO category as set forth in the EEOC's regulation at 29 C.F.R. 1602.30 and 1602.32 for the year in question; and, pursuant to the instructions contained in the EEO-4 Report forms for 2005, 2007 and 2009, within 90 days of this date, file such reports for 2011 and every other year thereafter on or before September 30 of that year.

6) an Order directing the Defendants to award reasonable fees to the attorneys who represent the Plaintiffs and the class in this case;

7) an Order requiring the Defendants to pay for the other reasonable expenses incurred by Plaintiffs and their attorneys in prosecuting this case; and

8) for such other relief as may be warranted.

Respectfully submitted,

_David L. Rose_

David L. Rose (376379)
Joshua N. Rose (420606)
Yuval Rubinstein (503489)
Rose Legal Advocates, LLP
1875 Eye St., N. W., Suite 1150
Washington, D. C. 20006
(202) 331-8555

Sept. 16, 2010