**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RHONDA L. DAVIS, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>DISTRICT OF COLUMBIACHILD AND FAMILY SERVICES AGENCY, *et al.*<br><br>Defendants. | Case No. 10-1564 (HHK)<br>Jury Trial Demanded<br><br>Consolidated with |
| CYNTHIA DUDLEY, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>DISTRICT OF COLUMBIA<br><br>Defendant. | Case No. 10-1718 (HHK) |

**JOINT MEET AND CONFER STATEMENT**

Pursuant to Local Rule 16.3, the Parties hereby report on the Meet and Confer Conference in the above-captioned consolidated cases. Counsel for the 45 Plaintiffs conferred by telephone and electronically with counsel for Defendants.

This report sets out the positions of the Parties and any agreements reached. The Parties set forth below the relevant text of each subpart of the rule (in bold) followed by the Parties' joint position, if there is one, or by the Plaintiffs' and the Defendants' position where they are not in agreement.

> **16.3(c)(1): Whether the consolidated cases are likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

Defendants filed their Motion to Dismiss, or in the Alternative, for Summary Judgment

in December 2010 (Doc. No. 10), and the Parties have fully briefed the relevant issues. *See* Plt. Opp. at Doc. No. 13 and Def. Reply at Doc. No. 18.

Plaintiffs: Plaintiffs believe that Defendants' motion to dismiss is without merit, and that Defendants' motion in the alternative for summary judgment is premature, as set forth in Chappell-Johnson v. Powell, 440 F. 3d 484 (D.C. Cir. 2006) as the Parties have yet to commence formal discovery. In an effort to narrow the factual issues at least, Plaintiffs have served requests for admissions on February 16, 2011, and a first request for productions of documents. Plaintiffs propose that formal discovery and initial disclosures proceed while the Parties await this Court's decision on Defendant's Motion. Plaintiffs intend to file a dispositive motion based upon the disparate impact provisions of the DC Human Rights Act and Title VII after the Defendants respond to those requests and after at least a few depositions have been taken of Defendants' managers and other employees.

Defendants: Defendants believe that the case can be disposed of by their dispositive motion and therefore propose that discovery, including initial disclosures, await the Court's decision on Defendants' Motion. Further, as noted below, Plaintiffs intend to file an Amended Complaint, to which Defendants will likely respond with a motion to dismiss. Moreover, the filing of an Amended Complaint may also affect Defendants' arguments in its opposition to Plaintiffs' motion for class certification. Imposing the costs of discovery on the Defendants before the parties know all of the claims and the Court has determined that the litigation can go forward is, at best, a poor use of resources. Rather, delaying any discovery until the Plaintiffs file their Amended Complaint and Defendants either Answer or the Court rules on a motion to

dismiss the Amended Complaint, whichever date comes first, will serve to streamline the discovery process (if any claims remain). All of these issues must be addressed before discovery commences.

**Rule 16.3(c)(2): The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The Parties do not anticipate at this time the need to join additional parties.

Plaintiffs: Plaintiffs intend to file an amended complaint to include a Title VII claim for disparate impact for racially discriminatory impact.

Defendants: Plaintiffs' intent to file an Amended Complaint only serves to support Defendants' request that discovery be delayed until all claims are identified. In that circumstance, Defendants request that any discovery be delayed until Defendants' Answer to the Amended Complaint, or the Court's decision on a motion to dismiss the Amended Complaint, whichever date comes first. Defendants further recommend that any amendments be made within thirty (30) days of the date of this Order.

**16.3(c)(3): Whether the consolidated cases should be assigned to a magistrate judge for all purposes, including trial.**

Plaintiffs: Plaintiffs recommend that assignment to a Magistrate is appropriate for purposes of discovery and mediation.

Defendants: Defendants do not consent to assignment to a magistrate judge. Defendants recommend that the case remain with Judge Kennedy for purposes of discovery and trial. Defendants would consider referral to a magistrate for mediation at the appropriate time, if

the facts warrant discussion of settlement.

**16.3(c)(4): Whether there is a realistic possibility of settling the consolidated cases.**

Plaintiffs: Plaintiffs believe that settlement is a possibility.

Defendants: At this juncture, Defendants do not believe that settlement is likely. If the facts warrant, Defendants will reconsider this position.

**16.3(c)(5): Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR: and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:**

**(i) the client's goals in bringing or defending the litigation; (ii) whether settlement talks have already occurred and, if so, why they did not produce an agreement; (iii) the point during the litigation when ADR would be most appropriate, with special consideration given to: (aa) whether ADR should take place after the informal exchange of production through discovery of specific items of information; and (bb) whether ADR should take place before or after the judicial resolution of key legal issues; (iv) whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and (v) whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.**

Plaintiffs: Plaintiffs believe that Alternative Dispute Resolution may be beneficial. Plaintiffs' goals are to obtain make whole relief under the disparate impact provisions of the Human Rights Act, Title VII, and Section 1981, including reinstatement and back pay and adjustments in retirement income at a minimum, and will seek full damages if the consolidated

cases go to before a jury.

Defendants: If Defendants observe that any settlement discussions will be enhanced with the use of ADR, they will inform the Court accordingly.

**16.3(c)(6): Whether the consolidated cases can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

As indicated above, Defendants have filed a dispositive motion. If that motion should be denied, in whole or part by the Court, the Parties concur that dispositive (or renewed) dispositive motions are likely. The Parties recommend that said motions be due no later than sixty (60) days after the close of discovery; responses in opposition be due thirty (30) days thereafter; and replies be due thirty (30) days thereafter.

**16.3(c)(7): Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P. and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

Plaintiffs: Plaintiffs recommend that initial disclosures be exchanged within fifteen (15) days after the entry of this Order and that the Defendants be obliged to include in that discovery its responses to their requests for admissions and requests for production of documents.

Defendants: As stated previously, Defendants recommend that all discovery, including initial disclosures, should await the Court's decision on their Motion to Dismiss, or in the Alternative, for Summary Judgment. Doc. No. 10. If the Plaintiffs file an Amended Complaint, Defendants recommend that all discovery, including initial disclosures, await either the

Defendants' Answer or the Court's ruling on a motion to dismiss the Amended Complaint, whichever date comes first. Defendants recommend that initial disclosures be due within thirty (30) days of the relevant date. Defendants also recommend the traditional thirty (30) day period for responses to admissions and document requests that were previously served prior to the Rule 16 conference.

**16.3(c)(8): The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date of the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and deposition.**

The Parties recommend 180 days for discovery. To the extent that the recommendations below do not address specific discovery requirements, the Parties agree to follow the Federal Rules of Civil Procedure.

Plaintiffs: Plaintiffs recommend that the time periods identified below begin on the date the Court issues its Scheduling Order:

- Initial Disclosures Exchanged 15 days
- Close of non-expert discovery 100 days
- Proponent Expert reports submitted 120 days
- Rebuttal Expert report submitted 150 days
- Depositions of Experts completed 180 days

Given that more than 40 parties have already joined this case, and Plaintiffs have filed a motion for class certification, Plaintiffs recommend the following discovery and limits:

- Plaintiffs (collectively) and Defendants (collectively) are each allowed 20

depositions, including expert depositions and Rule 30(b)(6) depositions.

- Each deposition will be limited to seven hours over one day, unless otherwise agreed to by the Parties.
- A written deposition notice shall be filed 10 days prior to the scheduled deposition, unless otherwise agreed to by the Parties.
- Plaintiffs (collectively) and Defendants (collectively) are each limited to 50 interrogatories.
- Plaintiffs (collectively) and Defendants (collectively) are each limited to 50 requests for admission.

Defendants: Defendants recommend that the time periods identified below begin on the date the Court issues its decision on Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment, Doc. No. 10. If Plaintiffs file an Amended Complaint, Defendants recommend that the time periods identified above begin on the date of Defendants' Answer to the Amended Complaint or the date of a decision on a motion to dismiss the Amended Complaint, whichever date comes first.

- Initial Disclosures Exchanged 30 days
- Close of non-expert discovery 100 days
- Proponent Expert reports submitted 120 days
- Rebuttal Expert report submitted 150 days
- Depositions of Experts completed 180 days

Further, Defendants see no reason at this juncture to double the depositions allowed per the federal rules, as Plaintiffs request. If Plaintiffs should determine that they need additional depositions during the course of discovery, and Defendants do not concur, Plaintiffs can seek leave at that time. Further, 50 interrogatories and admissions are excessive at this juncture. Accordingly, Defendants recommend the following:

Plaintiffs (collectively) and Defendants (collectively) are each allowed 10 depositions, including expert depositions and Rule 30(b)(6) depositions.

Each deposition will be limited to seven hours over one day, unless otherwise agreed to by the Parties.

A written deposition notice shall be filed 10 days prior to the scheduled deposition, unless otherwise agreed to by the Parties.

Plaintiffs (collectively) and Defendants (collectively) are each limited to 25 interrogatories.

Plaintiffs (collectively) and Defendants (collectively) are each limited to 25 requests for admission.

If either Party seeks employee files or other information considered confidential, *e.g.*, medical records, the Parties recommend that the Court issue a protective order to safeguard the confidentially of the records. In that eventuality, the Parties will attempt to agree to the text of any such proposed order and submit it for the Court's consideration.

**16.3(c)(9): Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified,**

**and whether and when depositions of experts should occur.**

Other than the timelines identified above, the Parties are not in a position to estimate their time requirements for expert witness discovery. If modification of the proposed schedule is merited, the Parties will move the Court.

**16.3(c)(10): In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Plaintiffs filed their Motion for Class Certification in January 2011 (Doc. No. 12), and the Parties have fully briefed the relevant issues. *See* Def. Opp. at Doc. No. 15 and Plt. Reply at Doc. No. 17. Dates for oral arguments, an evidentiary hearing, and a decision on this motion are left to the discretion of the Court.

Plaintiffs: Plaintiffs believe that oral argument on that motion and the motion to dismiss should be held.

Defendants: Defendants leave this issue to the discretion of the Court. However, if Plaintiffs file an Amended Complaint, Defendants reserve their right to revise their opposition to the motion for class certification.

**16.3(c)(11): Whether the trial and/or discovery should be bifurcated or managed in phases, and specific proposal for such bifurcation.**

Plaintiffs: Plaintiffs recommend that both discovery and the trial phase be bifurcated.

Defendants: Defendants do not recommend that discovery be bifurcated, but do recommend that the trial phase be bifurcated.

**16.3(c)(12): The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

Plaintiffs: Plaintiffs recommend that the Court immediately set a pre-trial date.

Defendants: Defendants recommend that the date of the pre-trial conference be left open at this time, pending later agreement by the Parties.

**16.3(c)(13): Whether the court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

Plaintiffs: Plaintiffs recommend that the Court set a trial date, if possible, immediately.

Defendants: Defendants recommend that the Court schedule a trial date at the pretrial conference.

**16.3(c)(14): Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

At this time, the Parties do not believe any other matters are appropriate for inclusion in the Scheduling Order.

Dated: March 31, 2011

**Respectfully submitted,**

/s/ David L. Rose

David L. Rose, #376379
Yuval Rubinstein, #503489
ROSE LEGAL ADVOCATES P.C.
1900 L Street, Suite 610
Washington, D.C. 20036
(202) 331-8555
(202) 331-0996 (Fax)

daver@roselawyers.com
yrubinstein@roselawyers.com

*Counsel For Ronda Davis, et al.*

/s Donald M. Temple
Donald M. Temple, Esq. #408749
1229 15th Street, N..W.
Washington, DC 2010
(202) 628-1101
dtemplelaw@gmail.com

*Counsel For Cynthia Dudley, et al.*

Irvin B. Nathan
Acting Attorney General
For the District of Columbia

George C. Valentine
Deputy Attorney General
Civil Litigation Division

/s/ Ellen Efros
Ellen Efros, #250746
Chief, Equity I Division

/s/ Grace Graham
Grace Graham, #472878
Assistant Attorney General
(202) 442-9784
(202) 727-3625 (fax)
grace.graham.dc.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RHONDA L. DAVIS, *et al.,*<br><br>Plaintiffs,<br>v.<br><br>DISTRICT OF COLUMBIACHILD AND FAMILY SERVICES AGENCY, *et al.*<br><br>Defendants. | Case No. 10-1564 (HHK)<br>Jury Trial Demanded<br><br>Consolidated with |
| CYNTHIA DUDLEY, *et al.,*<br><br>Plaintiffs,<br>v.<br><br>DISTRICT OF COLUMBIA<br><br>Defendant. | Case No. 10-1718 (HHK) |

**DEFENDANTS' PROPOSED SCHEDULING ORDER**

Upon consideration of the Parties' Joint Meet and Confer Statement, it is hereby ORDERED as follows:

1. All discovery is stayed until the Court issues its decision on Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment, Doc. No. 10. If the Plaintiffs file an Amended Complaint, discovery is stayed pending Defendants' Answer to the Amended Complaint or a decision on any motion to dismiss the Amended Complaint, whichever date comes first. The Parties shall serve initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by no later than thirty (30) days after the relevant date.

2. The Parties' discovery shall be subject to the following limits:

Depositions shall be noticed at least 10 days in advance. Plaintiffs (collectively) and Defendants (collectively) are allowed 10 depositions, including expert depositions and Rule 30(b)(6) depositions. Each deposition will be limited to seven hours over one day, unless otherwise agreed to by the Parties. A written deposition notice shall be filed 10 days prior to the scheduled deposition, unless otherwise agreed to by the Parties. Plaintiffs (collectively) and Defendants (collectively) are limited to 25 interrogatories and 25 requests for admission.

3. Non-expert discovery shall close on the 100th day following the date of the Court's decision on the Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment, Doc. No. 10. If Plaintiffs file an Amended Complaint, non-expert discovery shall close on the 100th day following the date of the District's Answer to the Amended Complaint or a decision on any motion to dismiss the Amended Complaint, whichever date comes first. If the Parties continue with expert discovery, then proponent expert reports will be due on the 120th day following the relevant date, rebuttal expert reports will be due on the 150th day following the relevant date, and that stage of discovery will close on the 180th day following the relevant date.

4. All amendments shall occur within thirty day (30) days from the date of this Order.

5. Dispositive motions shall be filed sixty (60) days after the close of discovery. Opposition(s) shall be filed thirty (30) days thereafter, and any reply shall be filed thirty (30) days thereafter.

6. The Parties are ordered to meet not later than the 100th day following the relevant date, to make elections with respect to expert witnesses and to report to the Court accordingly.

**IT IS SO ORDERED.**

Dated this _______ day of __________________, 2011.

______________________________
Judge Henry H. Kennedy, Jr.
United States District Court

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RHONDA L. DAVIS, *et al.,*<br><br>Plaintiffs,<br>v.<br><br>DISTRICT OF COLUMBIACHILD AND FAMILY SERVICES AGENCY, *et al.*<br><br>Defendants. | Case No. 10-1564 (HHK)<br>Jury Trial Demanded<br><br>Consolidated with |
| CYNTHIA DUDLEY, *et al.,*<br><br>Plaintiffs,<br>v.<br><br>DISTRICT OF COLUMBIA<br><br>Defendant. | Case No. 10-1718 (HHK) |

**PLAINTIFFS' PROPOSED SCHEDULING ORDER**

Upon consideration of the Parties' Joint Meet and Confer Statement, it is hereby ORDERED as follows:

1. The Parties shall proceed with discovery while this Court's ruling on Defendant's Motion to Dismiss, or in the Alternative, For Summary Judgment, is pending. The Parties shall serve initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by no later than fifteen (15) days after the date this Order is entered.

2. The Parties' discovery shall be subject to the following limits:

Depositions shall be noticed at least 10 days in advance. Plaintiffs (collectively) and

Defendants (collectively) are allowed 20 depositions, including expert depositions and Rule 30(b)(6) depositions. Each deposition will be limited to seven hours over one day, unless otherwise agreed to by the Parties. A written deposition notice shall be filed 10 days prior to the scheduled deposition, unless otherwise agreed to by the Parties. Plaintiffs (collectively) and Defendants (collectively) are limited to 50 interrogatories and 50 requests for admission.

3. Non-expert discovery shall close on the 100th day following the entry of this Order. If the Parties continue with expert discovery, then proponent expert reports will be due on the 120th day following the date of the this Order, rebuttal expert reports will be due on the 150th day following that date, and that stage of discovery will close on the 180th day following the date of this Order.

4. All amendments shall occur within sixty (60) days from the date of this Order.

5. Dispositive motions shall be filed sixty (60) days after the close of discovery. Opposition(s) shall be filed thirty (30) days thereafter, and any reply shall be filed thirty (30) days thereafter.

6. The Parties are ordered to meet not later than the 100th day following the date of the Court's decision on the Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment, Doc. No. 10, to make elections with respect to expert witnesses and to report to the Court accordingly.

**IT IS SO ORDERED.**

Dated this ________ day of ____________________, 2011.

______________________________
Judge Henry H. Kennedy, Jr.
United States District Court