# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

RONDA L. DAVIS, *et al.*,                )
                                         )
and                                      )
                                         )
CYNTHIA DUDLEY, *et al.*,                )          Civil Actions 10-1564
                                         )
               Plaintiffs,               )
                                         )
         v.                              )          **FILED**
                                         )
DISTRICT OF COLUMBIA,                    )          APR 3 0 2013
                                         )
               Defendant.                )          Clerk, U.S. District & Bankruptcy
                                         )          Courts for the District of Columbia

## PROTECTIVE ORDER

Because certain information, documents and things of the parties subject to discovery in this action are confidential or proprietary (hereinafter collectively referred to as "CONFIDENTIAL INFORMATION"), including but not limited to personnel records of the District of Columbia:

Now, therefore, in the interest of expediting discovery and permitting the same to proceed without delay occasioned by possible disputes regarding "CONFIDENTIAL INFORMATION," by agreement of the parties and for good cause shown, and subject to any other objections that the parties may assert, the parties shall provide access to and accept such information, documents and things, subject to certain protective provisions hereinafter set forth.

IT IS HEREBY STIPULATED by the parties, subject to the approval of the Court, that:

1.      This Protective Order shall apply to all information, documents and things subject to discovery in this action, whether produced by any party or third party, including, without limitation, documents and information produced pursuant to Rule 26, testimony adduced at depositions upon oral examination or upon written questions pursuant to Rule 30 and 31, answers to Interrogatories pursuant to Rule 33, documents produced pursuant to Rule 34,

1

information obtained from inspection of premises or things pursuant to Rule 34, and answers to requests for admission pursuant to Rule 36.

## CATEGORIES OF INFORMATION

2.  <u>Documents Not Subject To This Protective Order</u>.  These are documents produced outside the scope of this Protective Order for which the party producing the documents does not assert any sensitivity with respect to their future dissemination. Such documents so produced will bear no stamp identifying them as subject to this Protective Order, and the party receiving such documents is not in any way restricted in their future dissemination by this order.

3.  <u>Documents Subject To This Protective Order</u>.  As set forth below, documents and things that are stamped "CONFIDENTIAL" will be treated as proprietary and shall not be used or disclosed for any purpose other than discovery and trial in this action and any appeal.  All persons (other than counsel of record, their staff, court reporters and copy services) and experts having access to CONFIDENTIAL INFORMATION, as permitted by Paragraph 4 of this Protective Order, shall sign a statement in the form of Exhibit A hereto acknowledging their agreement to the terms of this Protective Order.  Copies of such signed statements shall be maintained by counsel and produced upon request of the opposing party.

## HANDLING OF CONFIDENTIAL INFORMATION

4.  CONFIDENTIAL INFORMATION will be treated during discovery as follows:

All CONFIDENTIAL INFORMATION shall be treated as proprietary, and shall be disclosed or made available only to:  (1) counsel of record for the parties, including counsels' partners, shareholders, associates, associated counsel, paralegal, secretarial and clerical personnel; (2) outside experts employed by such attorneys for consultation or to render expert reports in accordance with Fed. R. Civ. P. 26 (and the necessary secretarial and clerical personnel of such experts); and (3) court personnel, certified court reporters and copy services.

CONFIDENTIAL INFORMATION shall not be utilized by the non-producing party for any purpose other than in connection with the prosecution or defense of this action.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

5.      In the event that any party disagrees at any stage of the proceedings with the designation of any information as CONFIDENTIAL INFORMATION, the parties shall try to resolve such dispute in good faith on an informal basis. Any receiving party may at any time request that the producing party cancel the CONFIDENTIAL INFORMATION designation with respect to any document, object or information. Such request shall be written, shall be served on counsel for the producing party, and shall particularly identify the designated CONFIDENTIAL INFORMATION that the receiving party contends is not properly designated and the reasons supporting its contentions. If the dispute cannot be informally resolved, then the receiving party shall have the right to object to the designation by appropriate motion before the Court. If a motion is filed, the initial designation shall remain until the Court rules on such motion and thereafter shall be governed by the Court's ruling. The acceptance by a party of any information, document or thing identified as CONFIDENTIAL INFORMATION hereunder shall not constitute evidence, an admission or a concession that the information, document or thing actually is confidential or proprietary.

## TESTIMONY INCLUDING CONFIDENTIAL INFORMATION

6.      Depositions.

A.      Other than Court personnel and Court reporters, only counsel of record for the parties, the witness, his/her attorney, and experts who have met the requirements of Paragraph 3 of this Protective Order may be present at any examination concerning CONFIDENTIAL INFORMATION of the other party or a third party.

3

B.      Information disclosed at any deposition may be designated CONFIDENTIAL by indicating on the record at the deposition that testimony is CONFIDENTIAL INFORMATION and is subject to the provisions of this Protective Order. Whenever any document designated CONFIDENTIAL INFORMATION is identified as an exhibit in connection with testimony given in a deposition, it shall be so marked and separately bound, unless the parties stipulate otherwise on the record.

C.      Notwithstanding the provisions of Paragraph 6(B), a party may also designate information disclosed at such deposition as CONFIDENTIAL INFORMATION by notifying all of the parties, in writing, of the specific pages and lines of the transcript which should be treated as CONFIDENTIAL INFORMATION thereafter within twenty (20) business days after receipt of the transcript by the designating party. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody, or control.

D.      All deposition transcripts shall be treated as CONFIDENTIAL INFORMATION subject to the Protective Order for a period of  twenty (20) days after receipt of each of the transcripts. Notwithstanding the passage of twenty (20) business days, to the extent that an opposing party has not, through counsel, disseminated information that is subject to this Protective Order, the right to so designate shall remain, subject to challenge. If such a challenge is made, the party allowing the twenty (20) business days to pass shall have the burden before the Court of showing that the information has not become part of the public domain.

## TIMING FOR CLASSIFICATION OF DOCUMENTS AND THINGS

7.      Marking Of Documents Or Things.

A.      Any party wishing to designate a produced document or other thing, as CONFIDENTIAL INFORMATION shall at the time of production, if at all possible, stamp or

otherwise mark the produced document or other thing with the word(s) "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY." Any party wishing to designate a document or other thing provided by a non-party as containing CONFIDENTIAL INFORMATION shall submit to the other party, within twenty (20) business days following production or disclosure, a written designation of the documents or things containing such information. During the twenty (20) business days following production by a party, or nonparty, all such documents and things shall be deemed to contain and/or constitute CONFIDENTIAL INFORMATION.

B.      The parties shall make a good-faith effort to designate CONFIDENTIAL INFORMATION properly and with the appropriate classification at the time of production. However, inadvertent or unintentional disclosure by any party of CONFIDENTIAL INFORMATION without any, or the appropriate, classification, regardless of whether the CONFIDENTIAL INFORMATION was designated at the time of disclosure, shall not be deemed a waiver of a party's claim of confidentiality, either as to a specific document or information contained therein, and the parties shall, upon notice, thereafter treat such CONFIDENTIAL INFORMATION according to the correct designation and classification. A receiving party shall make a good faith effort to locate and mark appropriately any CONFIDENTIAL INFORMATION upon receipt of such notice.

C.      Likewise, if a producing party inadvertently discloses to a receiving party documents or items that are asserted to be privileged or otherwise immune from discovery, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity, provided that the producing party demonstrates that: (1) the disclosure was inadvertent; (2) the producing party

5

acted promptly upon discovering the inadvertent disclosure; and (3) the inadvertence occurred despite reasonable precautions to prevent inadvertent disclosure. Nothing herein shall be construed to prevent the party returning the inadvertently disclosed material from seeking production of any documents in accordance with the Federal Rules of Civil Procedure, provided that, once the producing party makes the requisite showing set forth herein above, the returning party does not assert waiver of the privilege or immunity because of the inadvertent production.

8.     All transcripts, depositions, exhibits, answers to interrogatories, and other documents filed with the Court pursuant to the pretrial discovery of any party to this action which have previously been designated by a party as comprising or containing CONFIDENTIAL INFORMATION, or any pleading or memorandum purporting to reproduce or paraphrase such information, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this litigation, an indication of the nature of the contents, the words "CONFIDENTIAL INFORMATION" and "RESTRICTED ACCESS ACCORDING TO COURT ORDER", and a statement in substantially the following form: "This envelope, containing documents which are filed in this case by (name or party), is not to be opened nor are the contents thereof to be displayed or revealed except by order of the Court or consent of both the parties."

### EXCLUSION OF PUBLIC DOMAIN INFORMATION

9.     Nothing in this Protective Order shall preclude any party to the lawsuit, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any information or documents not obtained in discovery in this lawsuit, if such information is lawfully obtained from another source, such as a third party having the right to disclose such information, unless the obtaining party learned about or discovered the relevant documents or

information because they were produced or made available for inspection in discovery in this lawsuit and designated as CONFIDENTIAL INFORMATION.

## USE OF CONFIDENTIAL INFORMATION AT TRIAL

10.     The use of CONFIDENTIAL INFORMATION as evidence at the trial in this case shall be subject to such protection as the Court shall determine at the time. No party hereto waives any right it may have to object on any ground to the admission in evidence at the trial of this action of any CONFIDENTIAL INFORMATION. A party that intends to introduce its own CONFIDENTIAL INFORMATION at a hearing or trial shall be responsible for taking appropriate measures with the Court to maintain confidentiality. In the event that a party intends to introduce an opponent's CONFIDENTIAL INFORMATION, it shall notify the opponent prior to the time at which it intends to introduce the opponent's CONFIDENTIAL INFORMATION. If the opponent desires to maintain the confidentiality of this material, it shall be responsible for taking appropriate measures with the Court to maintain confidentiality.

## NON-WAIVER OR PRIVILEGES AND OBJECTIONS

11.     Nothing in this Protective Order shall be construed to require production of CONFIDENTIAL INFORMATION that is privileged or otherwise protected from disclosure. The entry of this Protective Order shall not constitute a waiver by any party of any objection to disclosure or production of any information or material during discovery.

12.     Nothing in this Protective Order shall be construed to mean that the production of a document or thing (in whole or in part) constitutes either (a) an admission by any party that the produced item is relevant, authentic, or properly produced, or (b) a waiver of any right properly to withhold from production any other document.

## MISCELLANEOUS

13.     The terms of this Protective Order shall survive the final termination of this

litigation and shall continue to apply fully to all CONFIDENTIAL INFORMATION that has not

properly become a matter of public record. Following final termination of this litigation, this

Court shall retain and have jurisdiction over the parties and all persons who received access to

CONFIDENTIAL INFORMATION in accordance with the terms of this Protective Order.

14.     This Protective Order shall be binding upon the parties hereto, upon their

attorneys, and upon the parties and their attorneys' successors, executors, personal

representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions,

officers, directors, employees, agents, and independent contractors, and other persons or

organizations over which they have control.

15.     Nothing in this Protective Order shall bar or otherwise restrict any attorney herein

from rendering advice to the attorney's party-client with respect to this action, and in the course

thereof, relying upon an examination of CONFIDENTIAL INFORMATION; provided, however,

that in rendering such advice and in otherwise communicating with the party-client, the attorney

shall not disclose the proprietary substance of any CONFIDENTIAL INFORMATION nor the

source of any CONFIDENTIAL INFORMATION to anyone not authorized to receive such

documents, things, materials or information pursuant to the terms of this Protective Order.

16.     No later than thirty (30) days after the final termination of this action, including

all appeals, and unless otherwise required by law, the attorneys for each party shall assemble and

return to the opposing party CONFIDENTIAL INFORMATION produced by the opposing party

and shall destroy all copies thereof made by that party which respective parties have in their

possession, custody, or control.  The attorneys for the parties shall be entitled to retain all

8

pleadings and litigation documents, including exhibits and their own memoranda, containing

CONFIDENTIAL INFORMATION but such litigation documents and memoranda shall be used

only for the purpose of preserving a file on this action, and shall not without the written

permission of the opposing party or an Order of this Court, be disclosed to anyone other than the

outside attorneys to whom such information was actually disclosed, in accordance with this

Protective Order during the course of this action.

      17.    In the event that a party seeks discovery from a non-party to this suit, the nonparty

may invoke the terms of this Protective Order in writing to all parties to this suit with respect to

any CONFIDENTIAL INFORMATION provided to the requesting party by the non-party.

      The parties hereby agree to the above Order to be entered by the Court

_/s/ Joshua N. Rose_____
Joshua N. Rose, #376379
ROSE LEGAL ADVOCATES P.C.
1726 M Street, Suite 203
Washington, D.C. 20036
(202) 331-8555
(202) 331-0996 (Fax)
daver@roselawyers.com

*Counsel For Ronda Davis, et al.*

_/S/ Donald M. Temple_____
Donald M. Temple, Esq. #408749
1229 15th Street, N..W.
Washington, DC 2010
(202) 628-1101
dtemplelaw@gmail.com

*Counsel For Cynthia Dudley, et al.*

IRVIN B. NATHAN
Attorney General for the District of Columbia

ELLEN A. EFROS
Deputy Attorney General
Public Interest Division

GRACE GRAHAM D.C. Bar No. 472878
Section Chief, Equity Section
441 Fourth Street, NW
Sixth Floor South
Washington, DC 20001
Telephone: (202) 442-9887
Facsimile: (202) 730-1499
Email: grace.graham@dc.gov

_/s/ Chad A. Naso_____
CHAD A. NASO, D.C. Bar No. 1001694
Assistant Attorney General
of the Attorney General, DC
441 Fourth Street, NW
Sixth Floor South
Washington, DC 20001
 (202) 724-7854
(202) 741-8951 fax
chad.naso@dc.gov

*Counsel for Defendant*

APPROVED AND SO ORDERED this 28ᵗʰ day of April, 2013.

Dated: _____4/28/2013_____          _____
                                          Hon. Rudolph Contreras
                                          United States District Court Judge

## EXHIBIT A

I, _____, declare as follows:

      1.    I have received a copy of the Protective Order entered in the case of *Ronda Davis v. District of Columbia, et al.*,10-cv-01564(RC) (consolidated with 10-1718).

      2.    I have carefully read and understand the provisions of the Protective Order.

      3.    I will comply with all terms and provisions of the Protective Order.

      4.    I will hold in confidence, not disclose to anyone not designated in the Protective Order, and will use only for purposes of this action, any information or documents designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY."

      5.    I will return all documents designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS EYES ONLY" which may come into my possession, and documents or things which I may prepare relating thereto, to counsel for the party who disclosed or furnished such documents to me promptly upon the request of counsel for both parties or, if applicable, upon the request of counsel by whom I have been retained, or upon the conclusion of this litigation.

      6.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement against me of the terms of the Protective Order and of the terms of this Declaration.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on _____ in _____.
              (Date)                  (City and State/Province)

_____

1