PLAINTIFFS' EXHIBIT 14

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONDA L. DAVIS, *et al.*,       )
                                )
          and                   )
                                )
CYNTHIA DUDLEY, *et. al.*,      )
                                )
          Plaintiffs,           )          Civil Actions Nos. 10-1564, 10-1718
                                )          (RC)
                                )
              v.                )
                                )
DISTRICT OF COLUMBIA, *et. al.*, )
                                )
          Defendants.           )
                                )

## PLAINTIFFS' RESPONSE TO DEFENDANT'S INTERROGATORY #8

**Interrogatory No. 8:**

Describe in detail your educational background since high school, including the name of each school or institution you attended, the dates of your attendance, your field(s) of study, and any degree earned.

**Answer:**

**Stephanie Alston**

Institution: Eastern Senior High School
Years Attended: Unknown
Degrees Earned: High School Diploma

Institution: Cornell University Certification Training
Years Attended: 2009
Degrees Earned: Certificate, Family Development Specialist

I _Stephanie Alston_, certify that the information stated in Interrogatory #8 correctly and truthfully describes my educational background since high school, including the name of each school or institution I attended, the dates of my attendance, my field(s) of study, and any degree earned.

Date: June _20_, 2015

Stephanie Alston

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RONDA L. DAVIS, *et al.*,          )
                                    )
        and                         )
                                    )
CYNTHIA DUDLEY, *et. al.*,          )
                                    )
        Plaintiffs,                 )          Civil Actions Nos. 10-1564, 10-1718
                                    )          (RC)
                                    )
        v.                          )
                                    )
DISTRICT OF COLUMBIA, *et. al.*,    )
                                    )
        Defendants.                 )
_____)

## PLAINTIFF STEPHANIE ALSTON'S RESPONSE TO DEFENDANT'S SECOND SET
## OF INTEROGGATORIES

**Second Set of Interrogatories:**

State whether you applied for a position as a Family Support Worker with the District of Columbia
Child and Family Services Agency and, if so, the date (or approximate date) when such application
was submitted.


**Answer:**

I Stephanie Alston, applied for the position of Family Support Worker with the District of
Columbia Child and Family Services Agency on or about May 2011 and March 2012. I was
hired on March 9, 2011 by the Georgia Avenue Family Collaborative as a Family Support
Worker providing services to Child and Family Services Agency's emancipated youths

I _Stephanie Alston_, certify that the information in response to Defendant's Second Set of Interrogatories correctly and truthfully states whether I applied for the position of family support worker with the District of Columbia Child and Family Services Agency.

Date: June _20_, 2015

Stephanie Alston

# PLAINTIFFS' EXHIBIT 15

Notice: This decision may be formally revised before it is published in the *District of Columbia Register*. Parties should promptly notify the Office Manager of any formal errors so that this Office can correct them before publishing the decision. This notice is not intended to provide an opportunity for a substantive challenge to the decision.

## THE DISTRICT OF COLUMBIA

### BEFORE

## THE OFFICE OF EMPLOYEE APPEALS

| | |
|---|---|
| In the Matter of: ) | |
| ) | |
| ERNEST HUNTER, ) | OEA Matter No. 2401-0321-10 |
| Employee ) | |
| ) | Date of Issuance: March 4, 2014 |
| ) | |
| DISTRICT OF COLUMBIA CHILD ) | |
| AND FAMILY SERVICES AGENCY, ) | |
| Agency ) | |
| ) | |

### OPINION AND ORDER
### ON
### PETITION FOR REVIEW

Ernest Hunter ("Employee") worked as a Contracts Compliance Officer with the D.C. Child and Family Services Agency ("Agency"). On May 6, 2010, Agency notified Employee that he was being separated from his position pursuant to a reduction-in-force ("RIF"). The effective date of the RIF was June 11, 2010.[1]

Employee challenged the RIF by filing a Petition for Appeal with the Office of Employee Appeals ("OEA") on June 10, 2010. He argued that the RIF action was in retaliation to his complaints of and participation in an investigation of wrongful discrimination, mismanagement, cronyism, and abuse of authority at Agency. Employee also contended that Agency improperly applied the personnel regulations.[2]

In its answer to Employee's Petition for Appeal, Agency explained that it followed the

---

[1] *Petition for Appeal*, p. 16 (June 10, 2010).
[2] *Id.*, 5-7.

proper RIF procedures by providing Employee with one round of competition. Additionally, it provided that Employee was given a written thirty (30) days' notice that his position was being eliminated. Thus, it believed the RIF action was proper.[3]

Prior to issuing the Initial Decision, the OEA Administrative Judge ("AJ") ordered the parties to submit legal briefs addressing whether Agency followed the District's statutes, regulations, and laws when it conducted the RIF.[4]  Agency's brief explained that the RIF was conducted in accordance with D.C. Official Code §1-624.08.   However, with regard to the requirement of one round of lateral competition, Agency provided that Employee was unable to compete with other employees because his position was the only one within in his competitive level.[5]

In Employee's brief, he provided that when Agency conducted the RIF, it violated the Whistleblower statute and D.C. Human Rights laws.  Further, he submitted that the RIF was not in accordance with D.C. Official Code §1-624.08 because he was not provided one round of lateral competition.[6]  Lastly, Employee questioned the legality of the RIF because it lacked the appropriate signature of the City Administrator.  Therefore, he believed that Agency did not meet its burden of proof.[7]

The AJ subsequently ordered Agency to submit the documents it sent to the City Administrator for approval to conduct the RIF; a signed Administrative Order; and the positions approved for abolishment.[8]  In response to the Order, Agency submitted a memorandum dated April 29, 2010, which was addressed to the City Administrator requesting approval to conduct a

---

[3] *Agency's Response to Petition for Appeal*, Tab #1 (July 14, 2010).
[4] *Order Requesting Briefs* (July 12, 2012).
[5] *Agency's Brief* (July 26, 2012).
[6] Employee explained that he was not the only employee within his competitive level, and therefore, he should have been able to compete with other employees.  He also provided that the RIF violated his collective bargaining agreement with Agency and that his position was never abolished.
[7] *Employee's Brief* (August 7, 2012).
[8] *Order to Agency Requesting Documentation* (August 14, 2012).

RIF of one hundred and twenty-three (123) positions.[9]   Additionally, Agency submitted a Consent Order and argued that the order gave its Director the authority to approve RIF actions.[10]

The Initial Decision was issued on October 12, 2012.  The AJ agreed with Agency and found that its Director had the authority to approve the RIF pursuant to the Consent Order.  The AJ also found that D.C. Official Code § 1-624.08 limited her review of the appeal to determining whether Employee received a written, thirty-day notice prior to the effective date of his separation and if Agency provided one round of lateral competition within his competitive level.[11]  She held that Employee was placed in the proper competitive area and competitive level. Furthermore, because Employee was in a single-person competitive level, the AJ concluded that Agency was not required to rank or rate Employee in accordance with D.C. Official Code § 1-624.08(e).[12]  She also found that Agency provided Employee the required thirty-day notice. Accordingly, the RIF action was upheld.[13]

On October 16, 2012, Employee filed a Petition for Review with the OEA Board.  He argues that the Initial Decision was based on an erroneous interpretation of statute, regulation, or policy; the AJ's findings are not based on substantial evidence; and the Initial Decision did not address all issues raised in his appeal.  Employee explains that the AJ ignored Agency's violations of labor agreements, D.C. laws, and the D.C. Whistleblower laws.  Specifically, he provides that the Administrative Order lacked the appropriate signatures and that he should have

---

[9] *Agency's Submission of Documents,* Exhibit 1 (August 22, 2012).

[10] *Agency's Supplemental Submission of Documents,* Exhibit 1 (September 7, 2012).

[11] With regard to Employee's concerns that the RIF violated D.C. Official Code § 1-624.08 because Agency failed to identify positions for abolishment prior to February of Fiscal Year 2010, the AJ held that this section is silent as to whether or not Agency was required to document or disclose this information to anyone.  Further, Employee did not provide credible evidence to show that Agency did not comply with this section.  *Initial Decision,* p. 6 (October 12, 2012).

[12] *Id.* at 8.

[13] With regard to Employee's discrimination concerns, the AJ noted that such complaints are reserved for the Office of Human Rights.  In addition, the AJ found that Employee failed to provide substantive evidence to substantiate his assertion that Agency violated the Whistleblower statute or to establish that the RIF was created to target him in retaliation or in a discriminatory manner.  Lastly, Employee's contention that his position was never abolished was not considered because the AJ found it to be a grievance that was outside of OEA's jurisdiction.  *Id.,* 9-10.

been able to compete with other employees within his competitive area and level. Accordingly, he requests that the Board report violations of the D.C. Abolishment Act to the appropriate authorities.[14] Lastly, Employee asks this Board to seek further investigation of Agency by the Office of Inspector General and address ongoing abuses within the Human Resources Division of the District Government.[15]

In response, Agency argues that Employee's arguments were previously made and considered by the AJ, and the Board has no authority to provide the relief that Employee seeks. It submits that the RIF was conducted in accordance with the applicable statutes, policy, and regulation. Therefore, Agency requests that the Initial Decision be affirmed.[16]

On December 14, 2012, Employee filed a Petition for Review with the Superior Court for the District of Columbia. In an Order dated March 29, 2013, the court dismissed Employee's Petition for Review. Thereafter, Employee submitted a letter to OEA's Executive Director which provided, *inter alia,* that the court dismissed his matter because it was still pending before OEA. The letter seems to suggest that Employee wished to have his Petition for Review withdrawn.[17] However, within the same document, he requests that "the Board make[] a decision as to whether they will be granting [his] Petition for Review."[18]

This Board is unsure of Employee's true intent regarding his Petition for Review. Because he suggests that he wanted to withdraw the petition while still requesting that the Board grant the petition, we have decided to err on the side of caution. Therefore, we will address those claims raised in Employee's Petition for Review.

---

[14] Additionally, Employee requests that the Board preserve exhibits he submitted in support of his brief and accept them as evidence.
[15] *Petition for Review,* p. 1-8 (October 16, 2012).
[16] *Agency's Opposition to Petition for Review,* p. 3-5 (November 20, 2012).
[17] The letter is addressed to OEA Director, Sheila Barfield. In it, Employee provides "please be aware of how disappointed I am in the fact, that despite my expressly informing you on the phone and reiterating it during a DC Council performance hearing of my desire to withdraw my Petition for Review that the matter is still pending."
[18] *Letter to OEA Executive Director* (April 9, 2013).

## Labor Violations and Whistleblower Claims

Employee claims that the AJ failed to address violations of labor agreements. However, OEA is not the proper administrative agency in which to raise those claims. Violations of labor agreements are handled by the D.C. Public Employee Relations Board.[19] Moreover, OEA is only authorized to review D.C. Whistleblower claims which derive from an issue over which we have jurisdiction.[20] As the AJ correctly held, it is unreasonable to suggest that Agency used the 2010 RIF action to retaliate against Employee for a complaint he made against it in 2008. More importantly, Employee offered no credible evidence to support this claim. Finally, OEA lacks jurisdiction to adhere to Employee's request that this Board seek further investigation of Agency by the Office of Inspector General and address ongoing abuses within the Human Resources Division of the District Government. OEA is solely tasked with determining if Agency adhered to the statutory and regulatory requirements for RIF actions.

---

[19] It appears that Employee is aware of this because he filed with OEA a copy of an unfair labor complaint that contained a Public Employee Relations Board case number and caption. *Employee's Brief,* p. 32-38 (August 7, 2012).

[20] In accordance with D.C. Official Code § 1-615.51, the Whistleblower Act encourages employees of the District of Columbia government to "report waste, fraud, abuse of authority, violations of law, or threats to public health or safety without fear of retaliation or reprisal." To achieve this objective, D.C. Official Code § 1-615.53 provides that "a supervisor shall not threaten to take or take a prohibited personnel action or otherwise retaliate against an employee because of the employee's protected disclosure or because of an employee's refusal to comply with an illegal order." Furthermore, § 1-615.54(a)(1) states that:

> An employee aggrieved by a violation of § 1-615.53 may bring a civil action
> against the District, and, in his or her personal capacity, any District employee,
> supervisor, or official having personal involvement in the prohibited personnel
> action, before a court or a jury in the Superior Court of the District of Columbia
> seeking relief and damages . . . .

OEA has held that based on the above-mentioned statute, D.C. Superior Court has original jurisdiction over Whistleblower Act claims and that OEA was not granted original jurisdiction over such claims. *Rebecca Owens v. Department of Mental Health,* OEA Matter No. J-0097-03 (April 30, 2004); *Marie Vines v. Office of Cable Television and Communications,* OEA Matter No. J-0028-08 (March 18, 2008); *Ernest Hunter v. D.C. Water and Sewer Authority,* OEA Matter No. 2401-0036-05 and 1601-0046-05 (November 9, 2005); *Jason Codling v. Office of the Chief Technology Officer,* OEA Matter No. J-0151-09, *Opinion and Order on Petition for Review* (December 6, 2010); *Gordon Cloney v. Department of Insurance Securities and Banking,* OEA Matter No. 2402-0085-09, *Opinion and Order on Petition for Review* (August 22, 2011). The OEA Board held in *Jason Codling v. Office of the Chief Technology Officer,* OEA Matter No. J-0151-09, p. 5 *Opinion and Order on Petition for Review* (December 6, 2010), that some causes of action under the Whistleblower provisions may be adjudicated by this Office. However, this does not mean that *all* causes of action pertaining to the Whistleblower Act may be appealed to the Office.

Substantial Evidence

       According to OEA Rule 633.3, the Board may grant a Petition for Review when the AJ's decision is not based on substantial evidence or when the Initial Decision did not address all material issues of law and fact. Substantial evidence is defined as evidence that a reasonable mind could accept as adequate to support a conclusion.[21] The Court in *Baumgartner v. Police and Firemen's Retirement and Relief Board,* 527 A.2d 313 (D.C. 1987) found that if administrative findings are supported by substantial evidence, then it must be accepted even if there is substantial evidence in the record to support a contrary finding. After a thorough review of the record, this Board finds that there is substantial evidence to support the AJ's findings regarding the actual RIF action against Employee. However, there is not substantial evidence to support her conclusion that the Consent Order established Agency's authority to conduct the RIF.

RIF Procedure

       The D.C. Court of Appeals held in *Anjuwan v. District of Columbia Department of Public Works,* 729 A.2d 883, 885-86 (D.C. 1998) that OEA's authority regarding RIF matters is narrowly prescribed. OEA was given statutory authority to address RIF cases in D.C. Official Code §1-606.03(a). This statute provides that:

> An employee may appeal a final agency decision affecting a performance rating which results in removal of the employee (pursuant to subchapter XIIII-A of this chapter), an adverse action for cause that results in removal, reduction in grade, or suspension for 10 days or more (pursuant to subchapter XXIV of this chapter), or a reduction-in-force (pursuant to subchapter XXIV of this chapter) to the Office upon the record and pursuant to other rules and regulations which the Office upon the record and pursuant to other rules and regulations which the Office may issue. Any appeal shall be filed within 30 days of the

---

[21] *Mills v. District of Columbia Department of Employment Services,* 838 A.2d 325 (D.C. 2003) and *Black v. District of Columbia Department of Employment Services,* 801 A.2d 983 (D.C. 2002).

effective date of the appealed agency action.

In an attempt to more clearly define OEA's authority, D.C. Official Code § 1-624.08(d) and (e) establish the circumstances under which the OEA may hear RIFs on appeal.

> (d) An employee affected by the abolishment of a position
> pursuant to this section who, but for this section would be
> entitled to compete for retention, shall be entitled to one
> round of lateral competition pursuant to Chapter 24 of the
> District of Columbia Personnel Manual, which shall be limited
> to positions in the employee's competitive level.

> (e) Each employee selected for separation pursuant to this section
> shall be given written notice of at least 30 days before the effective
> date of his or her separation.

Thus, in accordance with D.C. Official Code § 1-624.08(d) and (e), the AJ was correct in holding that OEA is tasked with determining if Agency afforded Employee one round of lateral competition within his competitive level and if it provided a thirty-day notice.

The AJ properly ruled that Employee was not entitled to one round of lateral competition. OEA has consistently held that one round of lateral competition does not apply to employees in single-person competitive levels.[22]   In its Response to Employee's Petition for Appeal, Agency provided a Retention Register that shows that Employee was the only person within his position title.[23]   Additionally, organizational charts provided by Employee clearly show that there was only one Contacts Compliance Officer.[24]   Therefore, one round of lateral competition is not applicable to this case.

Moreover, Employee was provided with thirty days' notice.  As the AJ properly held,

---

[22] *Cabaniss v. Department of Consumer & Regulatory Affairs*, OEA Matter No. 2401-0156-99 (January 30, 2003); *Robert T. Mills*, OEA Matter No. 2401-0109-02 (March 20, 2003); *Deborah J. Bryant*, OEA Matter No. 2401-0086-01 (July 14, 2003); *Robert James Fagelson v. Department of Consumer and Regulatory Affairs*, OEA Matter No. 2401-0137-99 (August 28, 2003); *Richard Dyson, Jr. v. Department of Mental Health*, OEA Matter No. 2401-0040-03, Opinion and Order on Petition for Review (April 14, 2008); and *Gordon Cloney v. Department of Insurance Securities and Banking*, OEA Matter No. 2401-0085-09, Opinion and Order on Petition for Review (August 22, 2011).
[23] *Agency's Response to Petition for Appeal*, Tab #4 (July 14, 2010).
[24] *Employee's Brief*, p. 12-25 (August 7, 2012).

Employee was provided notice of the RIF action on May 6, 2010. The effective date of the action was on June 11, 2010, more than the required thirty days.[25] Therefore, Employee received proper notice.

Administrative Order

Although there is substantial evidence in the record to establish that the RIF procedures were followed, there is no such evidence present to show that the RIF was properly authorized. District Personnel Regulations section 2405.4 provides that "personnel authorities have authority over the preparation for, and implementation of, a reduction in force, provided that agencies under the personnel authority of the Mayor shall *not* plan or conduct the reduction in force *without the Mayor's approval*, as provided in subsection 2406.4 of this chapter (emphasis added)." Therefore, although Agency may have correctly complied with the implementation of the RIF action, it may still be invalid without prior approval from the Mayor to conduct the RIF.

D.C. Personnel Regulations 2406 provide the following:

> 2406.1 If a determination is made that a reduction in personnel is to be conducted pursuant to the provisions of sections 2400 through 2431 of this chapter, the agency shall submit a request to the appropriate personnel authority to conduct a reduction in force (RIF).

> 2406.2 Upon approval of the request as provided in subsection 2406.1 of this section, the agency conducting the reduction in force shall prepare a RIF Administrative Order, or an equivalent document, identifying the competitive area of the RIF; the positions to be abolished, by position number, title, series, grade, and organizational location; and the reason for the RIF.

> 2406.3 Any changes following the submission and approval of the request to conduct a reduction in force shall be made by issuance of an amendment to the administrative order by the agency.

> 2406.4 The approval by the appropriate personnel authority of the RIF

---

[25] *Agency's Response to Petition for Appeal*, Tab #2 (July 14, 2010).

> Administrative Order . . .shall constitute the authority for the
> agency to conduct a reduction in force.

The record clearly shows that Agency adhered to D.C. Personnel Regulation 2406.1. It provided a copy of its request to the City Administrator, the appropriate personnel authority, for permission to conduct the RIF action. The document is addressed to the City Administrator from Agency's Director.

However, Agency failed to comply with the other requirements of District Personnel Regulation 2406.2 and 2406.4. Specifically, there are no documents indicating the City Administrator's approval of Agency's RIF request. The AJ specifically ordered Agency to provide "a signed approval from the City Administrator or their designated representative (Administrative Order), along with all the positions approved for abolishment."[26] In response to the order, Agency provided that "with respect to the signed approval for the RIF from the 'City Administrator or their designated representative,' . . . it had been unable to locate the signed document."[27]

Moreover, the record does not contain the Administrative Order or an equivalent document. District Personnel Regulation 2406.4 provides plain language which states that approval of the RIF Administrative Order by the appropriate personnel authority is the way for Agency to secure the requisite authority to conduct the RIF. Instead of submitting the Administrative Order, Agency provided an October 23, 2000 Consent Order as proof that it had authority to conduct the RIF. However, the Consent Order does not discuss Agency's authority over RIF actions at all. The Consent Order discusses a Receivership agreement that separated Agency from the Superior Court Social Services. The language cited from the Consent Order by

---

[26] *Order Requesting Approval of the Instant RIF, the Approved Request, and a List of Positions Approved for Abolishment* (August 14, 2012).
[27] *Agency's Supplemental Submission of Documents* (September 7, 2012).

the AJ that Agency had the authority to hire, retain, and terminate personnel, must be read in context with the rest of the order. The Consent Order is clearly establishing Agency as new agency that is independent and separate from the Superior Court Social Services. As a result of its creation, Agency was given authority to make personnel decisions separate from Superior Court. The Consent Order addresses licensing standards for the foster care system; it establishes Agency's 2001 operating budget; it requires adequate legal staff for Agency; it outlines the selection process of Agency's administrator; and it addresses the need for a memorandum of understanding with other District agencies for mental health and substance abuse services. There is nothing within the Consent Order which grants Agency RIF authority independent of the Mayor. Therefore, this document could not reasonably be viewed as an equivalent to an Administrative Order for the authorization of Agency's RIF action.

Agency clearly falls under the Mayor's authority as evidenced by the D.C. Office of Human Resources website.[28]  Moreover, Agency's request for approval from the City Administrator to conduct the RIF is evidence that it knew it was under the Mayor's authority. If Agency was independent, as it alleges, it would not have sought approval for the RIF. As a result of the requirements of District Personnel Regulations 2405.4, 2406.1, 2406.2, and 2406.4, Agency was required to receive approval from the Mayor prior to conducting the RIF. Because it cannot provide any evidence of an Administrative Order from the Mayor, there is no proof that the RIF was actually approved. Furthermore, the AJ's reliance on the Consent Order as proof of Agency's authority to conduct the RIF is not based on substantial evidence. Accordingly, Employee's Petition for Review is GRANTED. As a result, the Initial Decision and Agency's RIF action are REVERSED.[29]

---

[28] *See* http://dchr.dc.gov/page/hr-advisors-agencies-under-mayors-full-authority.
[29] This Board believes that because Agency acknowledged that it cannot provide proof of the signed Administrative

2401-0321-10
Page 11

## ORDER

It is hereby **ORDERED** that Employee's Petition for Review is **GRANTED**. Agency's RIF action and the Initial Decision are **REVERSED.** Accordingly, Agency shall reimburse Employee all back-pay and benefits lost as a result of the RIF action. Agency shall file with this Board within thirty (30) days from the date upon which this decision is final, documents evidencing compliance with the terms of this Order.

FOR THE BOARD:


_____
William Persina, Chair


_____
Sheree L. Price, Vice Chair


_____
Vera M. Abbott


_____
A.  Gilbert Douglass


_____
Patricia Hobson Wilson


The Initial Decision in this matter shall become a final decision of the Office of Employee Appeals 5 days after the issuance date of this order. An appeal from a final decision of the Office of Employee Appeals may be taken to the Superior Court of the District of Columbia within 30 days after formal notice of the decision or order sought to be reviewed.

Order, it is futile to remand this matter to the AJ for further consideration. Therefore, this Board is left with no choice but to reverse the Initial Decision and Agency's RIF action.

# PLAINTIFFS' EXHIBIT 16

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONDA L. DAVIS, *et al.*,<br><br>and<br><br>CYNTHIA DUDLEY, *et. al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et. al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Civil Actions Nos. 10-1564,<br>    10-1718 (RC) |

## PLAINTIFFS'[1] FIRST RESPONSE TO DEFENDANT'S INTERROGATORY #8

**Interrogatory No. 8:**

Describe in detail your educational background since high school, including the name of each school or institution you attended, the dates of your attendance, your field(s) of study, and any degree earned.

**Answer:**

### Mable Boler
Institution: University of the District of Columbia
Years of attendance: 1971-1972
Degrees Earned: No degree earned, completed coursework in early childhood education and social work

Institution: American University

---

[1] The plaintiffs, whose educational background are stated in Response to Defendant's Interrogatory #8, consist of a partial list of the forty-two (42) plaintiffs, who confirmed their continued participation in the litigation and are noted in Plaintiffs' Updated Status Report, filed March 6, 2015 in response to the Court's January 15, 2015 Show Cause Order [DKt. #129]. The Response also includes a partial list of six (6) unlisted plaintiffs from the files of David Rose, as noted in Plaintiffs' March 6, 2015 Updated Status Report. However, Plaintiffs hereby acknowledge that Defendant has neither conceded nor agreed to the six unlisted plaintiffs being joined as named plaintiffs in the action.

Years of attendance: 1973
Degrees Earned: No degree earned, one semester completed in general coursework

Institution: Workforce Development Program
Years of attendance: 2015
Degrees Earned: Certificate of Completion, Customer Service Soft Skills Training

Institution: Cornell University
Years of attendance: 2009
Degrees Earned: Family Development Accreditation
Institution: Child and Family Services
Years of attendance: 2005
Degrees Earned: Certificate of Completion, Family Team Meeting Training for Workers

Institution: American Red Cross
Years of attendance: 2005, 2004, 2003, 2002
Degrees Earned: Certificate, CPR and First Aid Training

Institution: Child and Family Services
Years of attendance: 2004
Degrees Earned: Certification of Completion, How Social Workers Can Make a
Difference for Infants and Toddlers in the Child Welfare System

Institution: District of Columbia Commission of Public Health, District of Columbia
AIDS Educational Training Center at Howard University
Years of attendance: 2004
Degrees Earned: Certificate of Completion, Comprehensive HIV and Aids Training of
Preventive Programs and Certification to teach the following courses: Basic AIDS
Information, AIDS Prevention, Maintaining Personal Safety, Safety on the Job and AIDS
in the Workplace

Institution: Safe Shores, District of Columbia Children's Advocacy Center
Years of attendance: 2003
Degrees Earned: Certification of Completion, Multiple Disciplinary Training of
Investigating, Assessing and Treating Child Victims of Abuse in the District

Institution: Safe Shores, District of Columbia Children's Advocacy Center
Years of attendance: 2002
Degrees Earned: Certification of Completion, Youth Sex Offenders, Children and
Adolescents who Molest Children

Institution: Freddie Mac Foundation Child and Adolescent Protection Center
Years of attendance: 2002
Degrees Earned: Certificate of Attendance, Alleged Sexual Assault Training

Institution: Child and Family Services

Years of attendance: 2001
Degrees Earned: Certificate of Completion of FACES (intake database) and Customer Service

Institution: University of Maryland, Maryland State Family Childcare Association
Years of attendance: 2001
Degrees Earned: Certificate of Completion in the following courses – Children's Temperament, I love you, I hate you: Brain Research and Children's Emotions, When Push Comes to Shove

Institution: Maryland State and Family Childcare Association
Years of attendance: 2000
Degrees Earned: Certificate of Completion in the following courses - Working with Children with Special Needs, Maryland Plans to Have Children Ready to Learn, Including Children with Developmental Delays, Creating Tomorrow Hand in Hand with a Child

Institution: Howard University, Catholic University
Years of attendance: 1993
Degrees Earned: Child Welfare Training Consortium

Institution: Workforce Development Program
Years of attendance: 2015
Degrees Earned: Certificate of Completion, Customer Service Soft Skills Training

## Kimberly D. Brown

Institution: Bowie State University, Child and Adolescent Studies
Years of attendance: Graduated in December 2015
Degrees Earned: Bachelor of Arts in Human Studies

## James Byrd

Institution: Central Peidmont Community College
Years of Attendance: June 1979 - March 1980
Degree Earned: No degree earned, completed coursework

## Gwedolyn Carthens

Institution: Baber-Scotia College
Years of Attendance: 1972- 1975
Degree Earned: No degree earned - Early Childhood Education Coursework

Institution: Cornell University
Years of Attendance: 2008- 2009
Degree Earned: Certificate of Completion, Family Development Credentials

## Ronda Davis

Institution: Howard University, Washington D.C.
Years of attendance: 1997-1999
Degrees Earned: Master of Social Work, concentration on Direct Service

Institution: University of the District of Columbia
Years of attendance: 1992-1996
Degrees Earned: Bachelors in Social Work

Institution: U.S. Army Quartermaster School
Years of attendance: 1988, 1976
Degrees Earned: Certification, X-Ray Supply Specialist

## Elaine Farrar

Institution: University of the District of Columbia
Years of attendance: 1982 - 1991
Degrees Earned: Master Degree in Mental Health. Also certified as an LPC.

Institution: University of the District of Columbia
Years of attendance: 1977 - 1982
Degrees Earned: Bachelor of Social Work. Also certified as an LSWA.

Other Education: 40 hours every two years in social work mental health training (since
approximately 1982); Certification in Contract Officers Training Regulations (COTAR) -
July 2009; Emergency Preparedness Training- Homeland Security Emergency
Management Agency - December 2010

## Ronald Green

Institution: North Carolina Central University
Years Attended: 1995-1996
Degree Earned: None

Institution: Kankakee Community College
Years Attended: 1991-1993
Degree Earned: Coursework completed

**Janice Harris**

Institution: Medical Aide Training School
Years of Attendance: 1979
Degree Earned: Nursing Assistant Certification

**Carla Johnson**

Institution: Theodore Roosevelt High School
Years Attended: 1984-1987
Degrees Earned: High School Diploma
Post High-School educational background: None
Other Education: Completed several training courses related to social services and case management in community partnerships

**Verjena Jones**

Institution: University of The District of Columbia
Years of attendance: 1976-1978
Degrees Earned: No degree earned

**John R. Jordan**

Institution: Strayer University
Years of attendance: 2008
Degrees Earned: No degree earned, coursework completed in psychology

Institution: University of the District of Columbia
Years of attendance: 1992-1994
Degrees Earned: No degree earned, coursework completed in liberal arts

**Angela Khan-Glears**

Institution: University of Maryland College
Years of attendance: 2009-2011
Degrees Earned: Bachelor of Science, Gerontology

Institution: Montgomery College- Rockville campus
Years of attendance: 1984-1987; 2009
Degrees Earned: Associates Degree (AA)

**Mary King**

Institution: Southeastern University
Years of attendance: 1982 (completed two semesters)
Degrees Earned: No degree earned

Institution: Child and Family Services
Years of attendance: 2001
Degrees Earned: Certification, FACES (intake data training)

Institution: Child and Family Services Agency
Years of attendance: 1998
Degrees Earned: Certification, Secretarial work

Institution: DC Finance and Revenue
Years of attendance: 1981
Degrees Earned: Certification, Tax

**Nicole Louis**

Institution: Tulane University, New Orleans, Louisiana
Years of attendance: 1994-2003
Degrees Earned: Master of Social Work

Institution: Xavier University, New Orleans, Louisiana
Years of attendance: 1988-1993
Degrees Earned: Bachelor of Science in Psychology

**Luz Lugares Negron**

Institution: Universidad Interamericana de Puerto Rico
Years Attended: Completed degree in 1985
Degrees Earned: Bachelor of Arts

**Shirley Mims**

Institution: Strayer University
Years of attendance: 2008-2010
Degrees Earned: Associate Degree

**Pete Howard Morgan**

Institution: Chamberlain Vocational High School
Years of attendance: 1972-1974
Degrees Earned: High School Diploma
Post High-School educational background: None

**Celciel Moore**

Institution: Strayer University
Years of attendance: 2008-2010
Degrees Earned: Masters of Arts

Institution: Xavier University
Years of attendance: Graduated 2005
Degrees Earned: Bachelor of Arts, Liberal Arts and Sciences

**Darius R. Morris**

Institution: Elizabeth City State University
Years of attendance: Graduated 1989
Degrees Earned: Bachelor of Arts

Institution: Howard University
Years of attendance: Unknown
Degrees Earned: No degree earned – completed 51-60 credits

**Nicky Odaka**

Institution: Howard University, Washington D.C.
Years of Attendance: 2004-2006
Degrees Earned: Master of Social Work

Institution: University of District of Columbia
Years of Attendance: 1997-2001
Degrees Earned: Bachelor of Arts, Social Work

**Moses Ogokeh**

Institution: Howard University, School of Social Work
Years Attended: 2000

Degrees Earned: Masters of Social Work

Institution: Southern University School of Public Policy Urban Affairs
Years Attended: 1988
Degree Earned: Masters in Public Administration (MPA)

Institution:  Southern University
Years Attended: 1986
Degree Earned: Bachelors of Arts, Political Science.

### Edward Randolph
Institution: Maryland Drafting Institute
Years of Attendance 1987-1989
Degree Earned: Certificate in Drafting

Institution: Syracuse University
Years of Attendance: 2012
Degree Earned: Certificate in Family Development Credentials Training

### Trina Robinson
Institution: Cornell University
Years of attendance: 2009
Degrees Earned: Certified Family Development Specialist

### Laura Beth Smart
Institution: Edinboro University of Pennsylvania
Years of attendance: 2014-present; June 2016 expected graduation
Degrees Earned: Currently pursuing Master of Social Work

Institution: Miami University, Oxford, Ohio
Years of attendance: Graduated in December 1999
Degrees Earned: Bachelor of Science in Social Work

### Darryl Stanfield
Institution: Bowie State College
Years of attendance: 1976-1977
Degrees Earned: No degree earned

**Germaine Walker**

Institution: University of the District of Columbia
Years of Attendance: 1980-1981
Degrees Earned: None, completed general coursework

Institution: Cornell University
Years of Attendance: January 23, 2015- April 27, 2015
Degree Earned: Certificate: Family Development Credential Empowerment Skills

Institution: Smith Business School
Years of Attendance: 1982
Degree Earned: No degree earned, coursework completed in business

Date: May 28, 2015

/s/ Aderson B. Francois
Aderson B. Francois
Civil Rights Clinic
Howard University School of Law
2900 Van Ness Street N.W.
Washington, DC 20008
Phone: (202) 806-8065
Facsimile: (202) 896-8436
Email: afrancois@law.howard.edu

Certificate of Service

I hereby certify this 28th day of May 2015 that a copy of the foregoing Plaintiffs' Partial Response to Defendant's Interrogatory No. 8 was served via Email on counsel below:

Donald M. Temple
1101 15th Street NW, Suite 910
Washington, D.C. 20005
(202 628 1101
Email: dtemplelaw@gmail.com

Douglas Stuart Rosenbloom
Office of the Attorney General for the District of Columbia
441 Fourth Street, NW, Sixth Floor South
Washington, DC 20001
douglas.rosenbloom@dc.gov,

Chad Alan Naso
Office of the Attorney General for the District of Columbia
441 Fourth Street, NW, Sixth Floor South
Washington, DC 20001
chad.naso@dc.gov,

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONDA L. DAVIS, *et al.*,      ) | |
|     ) | |
| and     ) | |
|     ) | |
| CYNTHIA DUDLEY, *et. al.*,     ) | |
|     ) | |
|     Plaintiffs,     ) | Civil Actions Nos. 10-1564, 10-1718 (RC) |
|     ) | |
|     v.     ) | |
|     ) | |
| DISTRICT OF COLUMBIA, *et. al.*,     ) | |
|     ) | |
|     Defendants.     ) | |

## PLAINTIFFS'[1] SECOND RESPONSE TO DEFENDANT'S INTERROGATORY #8

**Interrogatory No. 8:**

Describe in detail your educational background since high school, including the name of each school or institution you attended, the dates of your attendance, your field(s) of study, and any degree earned.

**Answer:**

### Zacchaeus Ajakaiye

Institution: University of Mississippi
Years of attendance: 1993-1995
Degrees Earned: Bachelor's Degree in Social Work

Institution: Cohoma Jr. College

---

[1] The plaintiffs, whose educational background are stated in Plaintiffs' First and Second Response to Defendant's Interrogatory #8, consist of a partial list of the forty-two (42) plaintiffs, who confirmed their continued participation in the litigation and are noted in Plaintiffs' Updated Status Report, filed March 6, 2015 in response to the Court's partial list of six (6) unlisted plaintiffs from the files of David Rose, as noted in Plaintiffs' March 6, 2015 Updated Status Report. However, Plaintiffs hereby acknowledge that Defendant has neither conceded nor agreed to the six unlisted plaintiffs being joined as named plaintiffs in the action.

Years of attendance: 1990-1992
Degrees Earned: Associate Degree


**Donna Y Lee**

Institution: Cornell University
Dates Attended: 2009
Degrees Earned: Family Development Certificate


**Chanel Tibbs**

Institution: University of District of Columbia
Years of Attendance: 2003
Degree Earned: General Education Diploma (GED)

Institution: Cornell University
Years of Attendance: 2005
Degree Earned: Certificate, Family Development Credentials


**Myrtle Smith**

Institution: University of the District of Columbia
Years Attended: 2006-2011
Degree Earned: Bachelor of Science, Procurement and Public Contracting with
Certification in Procurement Contracting

Institution: University of the District of Columbia
Years Attended: 2004-2006
Degree Earned: Bachelor of Science, Business Administration and Business Management

Institution: University of the District of Columbia
Years Attended: 1997-2004
Degree Earned: Associates, Applied Science and Business Technology

Institution: University of the District of Columbia
Years Attended: 2006
Degree Earned: Certificate, Entrepreneurship

Institution: District of Columbia Government
Years Attended: 2010 – Present
Degree Earned: Certificate of Completion, Central Mind Leaders, completed 23 courses
in general studies

Institution: Child and Family Services Agency

Years Attended: 2010
Degree Earned: Certificate of Completion, Engaging Families, Building Trust Based
Relationships and Assessing and Teaming, FACES (CFSA intake database)

## Janice Smith Washington

Institution: Woodson Adult Education Center
Years of Attendance: 1979-1980
Degree Earned: General Education Diploma

Institution: PTA Career Institute
Years of Attendance: 1986
Degree Earned: Certificate, Geriatric Nursing Assistant Program

Institution: Child and Children Family Services
Years of Attendance: 2010
Degree Earned: Continuing Education Certificate, Assessing and Teaming

Institution: Child and Children Family Services
Years of Attendance: 2010
Degree Earned: Engaging Families and Building Trust-Based Relationships

Institution: Child and Children Family Services
Years of Attendance: 2006
Degree Earned: Certificate of Completion, FACES training (CFSA data intake system)

Institution: Clinical Administration Services
Years of Attendance: 2012
Degree Earned: Maintaining Ethics and Professional Boundaries with Clients and
Colleagues

## Rodney Williams

Institution: Cornell University
Dates Attended: 2009
Degrees Earned: Certificate in Family Development Credential Training

Institution: University of the District of Columbia
Dates Attended: 1983 - 1984
Degrees Earned: No degree earned
Field of study: Psychology

Date: June 4, 2015

/s/ Aderson B. Francois
Aderson B. Francois
Civil Rights Clinic
Howard University School of Law
2900 Van Ness Street N.W.
Washington, DC 20008
Phone: (202) 806-8065
Facsimile: (202) 896-8436
Email: afrancois@law.howard.edu

Certificate of Service

I hereby certify this 4th day of June 2015 that a copy of the foregoing Plaintiffs' Second Response to Defendant's Interrogatory No. 8 was served via Email on counsel below:

Donald M. Temple
1101 15th Street NW, Suite 910
Washington, D.C. 20005
(202) 628 1101
Email: dtemplelaw@gmail.com

Douglas Stuart Rosenbloom
Office of the Attorney General for the District of Columbia
441 Fourth Street, NW, Sixth Floor South
Washington, DC 20001
Email: douglas.rosenbloom@dc.gov

Chad Alan Naso
Office of the Attorney General for the District of Columbia
441 Fourth Street, NW, Sixth Floor South
Washington, DC 20001
chad.naso@dc.gov

# PLAINTIFFS' EXHIBIT 17

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONDA L. DAVIS, *et al.* | ) |
| | ) |
| and | ) |
| | ) |
| CYNTHIA DUDLEY, *et al.* | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No.: 10-1564, 10-1718 (RC) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

PLAINTIFFS' CORRECTED RESPONSE TO
DEFENDANT'S FIRST REQUESTS FOR
PRODUCTION DOCUMENTS

**COME NOW** Plaintiffs, Cynthia Dudley, Karone Gray, David Hailes, and Lorraine Kelly, by and through undersigned counsel, and hereby supplement, clarify and correct their response to Defendant's First Request for Production of Documents, per Fed. R. of. Civ. P. 34.

**DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

9. Any "right to sue" letters received from the EEOC.

**RESPONSE TO REQUEST NO. 9:** Like most of the other Plaintiffs, Plaintiffs have not filed individual right to sue letters. They have, however, filed Title VII claims based upon the Right to Sue Notices and Letters filed by individual Plaintiffs in this case, as individuals and members and part of the larger class, consistent with paragraphs 2, 94 and the jury trial demand in the Third Amended Complaint [document 22].

1

Respectfully submitted,

_____/s/_____

Donald M. Temple, Esq. #408749
Donald Temple, P.C.
1101 15th Street, NW,

## CERTIFICATE OF SERVICE

This certifies that a true and correct copy of the foregoing supplemental and corrected discovery responses was sent by electronic correspondence on this 21st day of December, 2015 to:

Douglas Rosenbloom, Esq.  Lead Counsel for Defendant, District of Columbia.

_____/s/_____
Donald M. Temple, Esq.